# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30429
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

RICO DEANGELO LAWRENCE,

Defendant−Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:08-CR-337-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Rico Lawrence appeals the sentence imposed on revocation of his term of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release based on his admitted use of marihuana on several occasions. The district court sentenced him to 12 months in prison, within the range of 8–14 months recommended by the guidelines policy statement and below the three-year statutory maximum.

Lawrence claims that the district court abused its discretion by not sentencing him at the bottom of the range. He contends that the sentence is substantively unreasonable because it is greater than necessary to meet the sentencing factors in 18 U.S.C. § 3553(a)(1), (2), and (4).

Revocation sentences generally are reviewed under a "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011); *see* 18 U.S.C. § 3742(e)(4). Although Lawrence objected generally to the procedural and substantive reasonableness of the sentence, he did not raise the specific grounds he now urges on appeal. Accordingly, our review is limited to plain error. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013); *see Puckett v. United States*, 556 U.S. 129, 135 (2009) (iterating the four-step plain-error standard of review). Under either standard, we would uphold the sentence.

We presume that the revocation sentence within the range is substantively reasonable. *United States v. Lopez–Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008); *see Gall v. United States*, 552 U.S. 38, 51 (2007). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *see Warren*, 720 F.3d at 332.

In determining the sentence within the range, the district court considered Lawrence's history, his violations, his request to be allowed to remain on

supervised release to enter a treatment facility to address his addiction, and his previous opportunity to remain on supervision while he attended a drug-treatment program.  He essentially seeks to have this court reweigh certain § 3553(a) factors.

"[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).  "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Warren*, 720 F.3d at 332 (internal quotation marks and citation omitted).  Lawrence has not shown that the district court failed to consider any significant factors, gave undue weight to any improper factors, or clearly erred in balanceing the sentencing factors.  Thus, he has not rebutted the presumption that the sentence is substantively unreasonable.  *See Cooks*, 589 F.3d at 186.

AFFIRMED.